UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFERY FLEENOR, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00458-JPH-DLP |
| | ) | |
| INDIANA DEPT OF CORRECTION, | ) | |
| MIAMI FACILITY, | ) | |
| PLAINFIELD CORR. FACILITY, | ) | |
| CORRECTION INDUSTRIAL FACILITY, | ) | |
| NEW CASTLE FACILITY, | ) | |
| WABASH VALLEY FACILITY, | ) | |
| CORIZON HEALTH CARE PROVIDER, | ) | |
| WEXFORD HEALTH CARE PROVIDERS, | ) | |
| CENTURION HEALTH CARE PROVIDER, | ) | |
| MIDWEST EYE INSTITUTE, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Amended Complaint and
Directing Filing of Second Amended Complaint**

Plaintiff Jeffrey Fleenor, Sr., is currently incarcerated at Wabash Valley Correctional Facility. He brings this action pursuant to 42 U.S.C. § 1983 alleging that various defendants violated his civil rights. Because Mr. Fleenor, Sr. is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Fleenor has sued four different defendants: the Indiana Department of Correction, Miami Facility, Corizon Health Provider, and Midwest Eye Institute. The amended complaint makes the following allegations.

On August 4, 2013, Mr. Fleenor was incarcerated at the Reception Diagnostic Center, an Indiana Department of Correction facility in Plainfield, Indiana. While at RDC, he had a bottom bunk pass.

At some point in August 2013, he was transferred to Miami Correctional Facility in Bunker Hill, Indiana. He was not given a bottom bunk pass, and on August 21, 2013, Mr. Fleenor fell while climbing out his bunk and injured his eye. In November 2013, he underwent eye surgery at Midwest Eye Institute.

Since that, Mr. Fleenor has had extreme migraines. He requested additional surgery in 2016 and 2018 but has not received it.

## III. Discussion

Mr. Fleenor's original complaint was screened and dismissed as violating Rules 8 and 20 because it brought claims against ten different defendants spanning a time frame of eight years.

*See* Dkt. 11 (citing Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 20(a)). His amended complaint complies with those rules insofar as it focuses on the injury to his eye and medical treatment and does not contain unrelated claims. However, the amended complaint must still be dismissed because it fails to state a claim upon which relief may be granted.

Mr. Fleenor's claims against the Indiana Department of Correction and Miami Facility[1] are barred by the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) ("[T]he Eleventh Amendment, which precludes a citizen from suing a state for money damages in federal court without the state's consent, bars [Plaintiff's] claims against the Indiana State Prison and the Indiana Department of Corrections, both state agencies.") (citing *Higgins v. Mississippi*, 217 F.3d 951, 953 (7th Cir. 2000)). His claims against Indiana Department of Correction and Miami Facility are therefore **dismissed**.

Mr. Fleenor's claims against Corizon Health Provider and Midwest Eye Institute fail to state a claim for a number of reasons. First, the Midwest Eye Institute is a private entity, and Mr. Fleenor has not alleged that it acted "under color of state law"—a necessary element of a § 1983 claim. *L.P. v. Marian Catholic High School*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") (internal quotations and citation omitted); *see also Petro v. Shelbyville Police Department*, No. 1:21-cv-02474-JPH-DML (S.D. Ind. Jan. 4, 2022) (Dkt. 16) (dismissing private hospitals at screening because there were no allegations either hospital acted under color of state law).

---

[1] The Court understands "Miami Facility" to be Miami Correctional Facility.

Second, as to both Corizon and Midwest Eye Institute, he has not alleged his injuries were a result of an unconstitutional policy or custom, a requirement when bringing a claim against a corporate entity. *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

Finally, the claims against both Corizon and Midwest Eye Institute are premised on Mr. Fleenor's surgery in 2013, and so they are barred by Indiana's two-year statute of limitations. *See Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) ("For claims brought under § 1983, [courts] borrow the limitations period and tolling rules applicable to personal-injury claims under state law . . . The pertinent Indiana statute of limitations is two years.") (internal quotations and citations omitted); *see also Weaver v. Corizon Health, Inc.*, No. 21-1641, 2022 WL 61434, at *2 (7th Cir. Jan. 6, 2022) (same). His claims against Corizon and Midwest Eye Institute are therefore **dismissed**.

## IV. Opportunity to File a Second Amended Complaint

The Court will permit Mr. Fleenor one more opportunity to file a viable complaint in this matter. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) ("The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."). In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through October 12, 2022, to file a second amended complaint**. The second amended complaint must (a) contain a short and plain statement of the claim showing

that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any second amended complaint should have the proper case number, 2:21-cv-00458-JPH-DLP, and the words "Second Amended Complaint" on the first page. The second amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files a second amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no second amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFERY FLEENOR, SR.
238169
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838